PER CURIAM:
On October 24, 1987, claimant was travelling south on Route 19 on the Osage Bridge in Monongalia County when her vehicle struck debris on the bridge. She seeks $56.69 for the cost of a new tire as her tire was damaged in this incident.
Claimant testified that she was proceeding in her 1984 Buick Skyhawk at the time of this incident. She was coming from her home in Fairview and travelling to her place of work at West Virginia University Hospital in Morgantown. She is a registered nurse in the intensive care unit at the hospital. This is her regular route, but she had not driven it in a week. She stated that Route 19 is a two-lane highway. At the time of this incident one lane was barricaded. It was 6:40 a.m. and it was dark.
As she approached the bridge, there were two cars in front of her which had stopped. She started around a barricade that had been hit previously. There were pieces of debris scattered over the bridge on both sides. She attempted to avoid these, but her right rear tire caught a piece of the debris. She described the debris as being "... wood but it was white and shiny ... .” After the accident, she did not go back and examine the debris.
William F. Fieldhouse, Maintenance Supervisor for Monongalia County for respondent, stated that he was familiar with the accident site. There was construction work being performed by respondent in that area. The witness thought that the work was with the bridge expansion joints at each end of the bridge. During the day signs and flagmen were utilized. At night signs and *195 flashing lights were utilized. He called sometime after midnight on the day of this incident and alerted to the fact that the barricades had been damaged. He dispatched a crew to the bridge site, and, to his knowledge, it was repaired between 2:00 and 3:00 a.m. Prior to claimant's accident, he was unaware that there was any difficulty with the way that the signs and barricades were set up.
The evidence in this record indicates that the defective condition of the barricade appeared suddenly and that the respondent promptly moved to repair the defect as soon as it became aware of this problem. Moore vs. Dept. of Highways, CC-85-153 (February 19, 1986). Banhart vs. Dept. of Highways, 12 Ct.Cl. 236 (1979). Adkins vs. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947), holds that the State is neither an insurer nor a guarantor of the safety of the motorists on its highways. The Court is of the opinion that negligence on the part of the respondent has not been established, and therefore, the Court denies this claim.
Claim disallowed.